UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID R. PETE,

Plaintiff,

DEREK LOESER, an individual;
LESLEY WEAVER, an individual;
KELLER ROHRBACK L.L.P., a limited liability partnership; and
BLEICHMAR FONTI & AULD LLP, a limited liability partnership;
Defendants.

**Case No.:** [Case Number will be assigned by the Clerk of the Court]

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

CV25-10194 TSH

*[Stamp: FILED NOV 17 2025, CLERK, U.S. DISTRICT COURT, NORTH DISTRICT OF CALIFORNIA]*

*[Handwritten: hp — Initial complaint not amended as noted.]*

Plaintiff David R. Pete ("Plaintiff"), acting pro se, brings this action for damages against Defendants Derek Loeser, Lesley Weaver, Keller Rohrback L.L.P., and Bleichmar Fonti & Auld LLP (collectively, "Defendants"), and in support thereof, alleges as follows:

**INTRODUCTION**

- This is a civil action for legal malpractice, breach of fiduciary duty, and misrepresentation arising from Defendants' conduct as Co-Lead Counsel in the multi-district class action litigation styled *In re: Facebook, Inc., Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC. While serving as counsel for Plaintiff and a class of similarly situated individuals, Defendants breached their professional and fiduciary duties by engaging in self-dealing, prioritizing their own financial gain over the interests of the class, and negligently handling the representation, causing significant harm to Plaintiff.

**JURISDICTION AND VENUE**

- This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and all Defendants.
- Plaintiff is a citizen of the State of Texas.
- Upon information and belief, Defendant Derek Loeser is a citizen of the State of Washington.
- Upon information and belief, Defendant Lesley Weaver is a citizen of the State of California.
- Upon information and belief, Defendant Keller Rohrback L.L.P. is a limited liability partnership whose partners are citizens of various states, including Washington and

1

- California, but not Texas.
- Upon information and belief, Defendant Bleichmar Fonti & Auld LLP is a limited liability partnership whose partners are citizens of various states, including New York, but not Texas.
- Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district. The underlying litigation was consolidated and managed by this Court, the settlement was negotiated and approved in this district, and the attorneys' fees Plaintiff complains of were awarded by this Court.

**PARTIES**
- **Plaintiff DAVID R. PETE** is an individual citizen of the State of Texas, residing at 6355 Chinn Ln #2105, Beaumont, TX 77708. His telephone number is 409-998-0229, and his email is dpetedavidpete@yahoo.com. Plaintiff was a class member in the underlying litigation and was represented by Defendants.
- **Defendant DEREK LOESER** is an individual attorney and, upon information and belief, a partner at Defendant Keller Rohrback L.L.P., with a principal place of business located at 1201 Third Avenue, Suite 3200, Seattle, WA 98101.
- **Defendant LESLEY WEAVER** is an individual attorney and, upon information and belief, a partner at Defendant Keller Rohrback L.L.P., with a principal place of business located at 1201 Third Avenue, Suite 3200, Seattle, WA 98101.
- **Defendant KELLER ROHRBACK L.L.P.** is a limited liability partnership that served as Co-Lead Counsel in the underlying litigation. Its principal place of business is located at 1201 Third Avenue, Suite 3200, Seattle, WA 98101.
- **Defendant BLEICHMAR FONTI & AULD LLP** is a limited liability partnership that served as Co-Lead Counsel in the underlying litigation. Its principal place of business is located at 7 Times Square, 27th Floor, New York, NY 10036.

**FACTUAL ALLEGATIONS**
- Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
- Plaintiff was a class member in the multi-district litigation proceeding styled **"In re: Facebook, Inc., Consumer Privacy User Profile Litigation," Case No. 3:18-MD-02843-VC**, which was consolidated before the Honorable Vince Chhabria in the United States District Court for the Northern District of California (the "Underlying Litigation").
- The Underlying Litigation was a class action brought on behalf of Facebook users whose personal information was allegedly obtained and misused by Cambridge Analytica and other third parties without the users' consent.
- The Court appointed Defendants Derek Loeser of Keller Rohrback L.L.P. and Lesley Weaver of Bleichmar Fonti & Auld LLP (at the time) as Co-Lead Counsel for the plaintiff class. In this capacity, Defendants and their respective law firms acted as attorneys for the entire class, including Plaintiff David R. Pete.
- By virtue of their appointment as Co-Lead Counsel and their representation of the class, Defendants entered into an attorney-client relationship with Plaintiff. This relationship imposed upon Defendants the highest duties of care, loyalty, and fidelity.
- The Underlying Litigation ultimately resulted in a class-wide settlement in the amount of $725 million.
- On or about October 26, 2023, this Court issued an Order Granting Motion for Attorneys'

2

- Fees and Costs, awarding Co-Lead Counsel, the Defendants herein, 25% of the settlement fund, amounting to approximately **$181,250,000.00** in fees, plus litigation expenses.
- Defendants, in their capacity as class counsel, failed to act in the best interests of Plaintiff. They failed to adequately communicate with class members, failed to explain the allocation of the settlement funds in a clear manner, and misrepresented the potential and actual recovery for individual class members like Plaintiff.
- The immense fee award obtained by Defendants, when contrasted with the likely nominal recovery for individual class members, demonstrates that Defendants were motivated by their own financial interests rather than the interests of the class they were duty-bound to represent. This conduct constitutes self-dealing.
- Defendants were negligent in their representation by failing to prosecute the case in a manner that would maximize recovery for the class, instead opting for a settlement that primarily benefited themselves.

**COUNT I NEGLIGENCE (LEGAL MALPRACTICE)**
- Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
- As Plaintiff's attorneys, Defendants owed Plaintiff a duty of care. This duty required Defendants to represent Plaintiff with the skill, prudence, and diligence that a reasonably prudent attorney would exercise under similar circumstances.
- Defendants breached their duty of care owed to Plaintiff in one or more of the following ways:
    - Failing to act in the best interest of Plaintiff and the class;
    - Failing to adequately investigate and pursue claims to maximize recovery for the class;
    - Failing to properly communicate with Plaintiff regarding the status of the case, the terms of the settlement, and the allocation of funds;
    - Prioritizing the negotiation and acquisition of an excessive attorneys' fee award over the interests of Plaintiff and the class; and
    - Failing to secure a settlement that was fair and reasonable to the class members in light of the harm suffered and the fees awarded to counsel.
- As a direct and proximate result of Defendants' negligence and breach of their duty of care, Plaintiff has been damaged. Plaintiff's potential recovery was diminished, and his interests were not adequately protected or represented. The "benefit" of the settlement flows overwhelmingly to the attorneys, not the injured class members.
- But for Defendants' negligent acts and omissions, Plaintiff would have obtained a more favorable outcome in the Underlying Litigation, either through a more equitable settlement or a litigated judgment.
- Plaintiff has suffered damages in an amount to be proven at trial, but which Plaintiff alleges is equivalent to the fee awarded to Defendants as a result of their malpractice, in the sum of $186,000,000.00.

**COUNT II BREACH OF FIDUCIARY DUTY**
- Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
- The attorney-client relationship between Plaintiff and Defendants was a fiduciary relationship that imposed upon Defendants duties of undivided loyalty, integrity, and

- good faith. Defendants were required to act solely in the best interests of Plaintiff and the class.
- Defendants breached their fiduciary duties to Plaintiff by, among other things:
  - Engaging in self-dealing by structuring and promoting a settlement that prioritized their own financial enrichment through a grossly disproportionate fee award over the financial recovery of the class members;
  - Failing to avoid conflicts of interest between their own financial objectives and the objectives of the Plaintiff and the class;
  - Failing to fully and candidly disclose all material facts related to the settlement negotiations, including the manner in which their fee request would drastically reduce the recovery available to individual class members; and
  - Placing their own interests ahead of their client's interests.
- This breach of fiduciary duty was a direct and proximate cause of Plaintiff's damages. Plaintiff was deprived of loyal and disinterested counsel, resulting in a diminished recovery and an unjust enrichment of Defendants at Plaintiff's expense.
- Plaintiff has suffered damages in an amount to be proven at trial, but which Plaintiff alleges is equivalent to the fee awarded to Defendants as a result of their breach, in the sum of $186,000,000.00.
- Defendants' conduct was willful, wanton, and demonstrated a conscious disregard for Plaintiff's rights, warranting the imposition of punitive damages.

**COUNT III MISREPRESENTATION**
- Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
- In the course of their representation, Defendants, through settlement notices and other communications, made representations to Plaintiff and the class regarding the nature of the litigation and the benefits of the proposed settlement.
- These representations were false or misleading in that they failed to accurately portray the grossly disproportionate allocation of settlement funds to attorneys' fees versus the recovery for individual class members, and they presented the settlement as a substantial victory for the class when it was, in effect, a substantial victory for counsel.
- Defendants knew or should have known these representations were misleading and supplied this information for the guidance of Plaintiff and the class in their decision to support or object to the settlement.
- Plaintiff justifiably relied on these misrepresentations, believing that his appointed counsel was acting in his best interest and that the settlement was fair and reasonable for the class.
- As a direct and proximate result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff suffered pecuniary loss and other damages.
- Plaintiff has suffered damages in an amount to be proven at trial, but which Plaintiff alleges is equivalent to the fee awarded to Defendants as a result of their misrepresentations, in the sum of $186,000,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David R. Pete respectfully prays for judgment against

Defendants, jointly and severally, as follows:

- For compensatory damages in an amount not less than $186,000,000.00;
- For punitive and exemplary damages in an amount sufficient to punish Defendants for their willful and wanton conduct and to deter similar conduct in the future;
- For costs of suit incurred herein;
- For pre-judgment and post-judgment interest as allowed by law; and
- For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 8, 2025

Respectfully submitted,

/s/ David R. Pete **DAVID R. PETE**, Pro Se 6355 Chinn Ln #2105 Beaumont, TX 77708

Telephone: 409-998-0229 Email: dpetedavidpete@yahoo.com

*David R Pete*

*11-4-2025*

5