Benjamin Gould (SBN 250630)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
(206) 623-1900, Fax (206) 623-3384
bgould@kellerrohrback.com

*Attorney for Defendants Derek Loeser and Keller Rohrback L.L.P.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DAVID R. PETE,

Plaintiff,

v.

DEREK LOESER, AN INDIVIDUAL; LESLEY WEAVER, AN INDIVIDUAL; KELLER ROHRBACK L.L.P., A LIMITED LIABILITY PARTNERSHIP; BLEICHMAR FONTI & AULD LLP, A LIMITED LIABILITY PARTNERSHIP,

Defendants.

No. 3:25-cv-10194-VC

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Judge: Hon. Vince Chhabria
Courtroom: 4, 17th Floor
Hearing Date: April 16, 2026
Hearing Time: 2:00 pm

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. ARGUMENT IN REPLY ..... 2

A. Plaintiff's claims for legal malpractice and breach of fiduciary duty raise issues that are identical to issues that were actually litigated and necessarily decided in *Facebook*. ..... 2

B. Plaintiff fails to state claims that are plausible on their face. ..... 6

1. Plaintiff fails to state claims for legal malpractice or breach of fiduciary duty. ..... 6

2. Plaintiff fails to state a claim for negligent misrepresentation. ..... 9

III. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 1

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ... 1

*Class Plaintiffs v. Jaffe & Schlesinger, P.A.*,
19 F.3d 1306 (9th Cir. 1994) ... 8

*Durkin v. Shea & Gould*,
92 F.3d 1510 (9th Cir. 1996) ... *passim*

*In re Facebook, Inc. Consumer Privacy User Profile Litig.*,
No. 3:18-md-02843-VC (N.D. Cal. final judgment entered Oct. 10, 2023) ... *passim*

*Guenther v. Holmgreen*,
738 F.2d 879 (7th Cir. 1984) ... 7

*Johnson v. Ga. Highway Express*,
488 F.2d 714 (5th Cir. 1974), *abrogated in part on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989) ... 7

*Levin v. Graham & James*,
44 Cal. Rptr. 2d 69 (Ct. App. 1995) ... 7

*Martorana v. Marlin & Saltzman*,
96 Cal. Rptr. 3d 172 (Ct. App. 2009) ... 5

*Pete v. Angeion Grp. LLC*,
No. 3:26-cv-01211-VC (N.D. Cal. filed Mar. 10, 2026) (Dkt. No. 12) ... 4

*Pete v. Facebook Data Breach*,
No. 1:25-cv-00245-MAC, 2025 WL 2979701 (E.D. Tex. Oct. 22, 2025) ... 2

*Slovensky v. Friedman*,
49 Cal. Rptr. 3d 60 (Ct. App. 2006) ... 5

*Tyler v. Travelers Com. Ins. Co.*,
499 F. Supp. 3d 693 (N.D. Cal. 2020) ... 6

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) ... 7

*Wyly v. Weiss*,
697 F.3d 131 (2d Cir. 2012) ....................................................................................5

**Other Authorities**

Damien Charlotin, AI Hallucination Cases,
https://www.damiencharlotin.com/hallucinations.................................................................2

Fed. R. Civ. P. 5(b)(2)(F) ....................................................................................11

Fed. R. Civ. P. 23(e)(2) ....................................................................................7

Fed. R. Civ. P. 23(e)(2)(A), (g)(4) ....................................................................................4

Fed. R. Civ. P. 23.1 ....................................................................................3

**TABLE OF ABBREVIATIONS**

| Abbreviation | Reference |
|---|---|
| Compl. | First Amended Complaint for Damages, filed Nov. 17, 2025 (Dkt. No. 1) |
| *Facebook* (or "*Facebook* action" or "*Facebook* litigation") | *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 3:18-md-02843-VC (N.D. Cal. final judgment entered Oct. 10, 2023). |
| MTD | Defendants' Notice of Motion and Motion to Dismiss, filed Mar. 10, 2026 (Dkt. No. 28) |
| Opp'n | Plaintiff's Opposition to Defendants' Motion to Dismiss, filed Mar. 16, 2026 (Dkt. No. 30) |
| RJN | Defendants' Request for Judicial Notice, filed Mar. 10, 2026 (Dkt. No. 29) |

## I. INTRODUCTION

Plaintiff David R. Pete's claims for legal malpractice and breach of fiduciary duty are based on two assertions: that Defendants secured an unreasonably small recovery for *Facebook* class members and were awarded an unreasonably large fee. *See* Opp'n at 7. These are precisely the assertions that objectors advanced, and this Court rejected, in *Facebook*. That is why issue preclusion forecloses Plaintiff's claims for legal malpractice and breach of fiduciary duty: the assertions that ground Plaintiff's claims are identical to ones that were actually litigated and decided in *Facebook* and were key to the Court's final approval and award of attorneys' fees.

Equally important is what is *absent* from Plaintiff's claims. Plaintiff does not allege that Defendants negligently failed to discover or raise some factual or legal issue during litigation or settlement. Nor does he allege that Defendants failed to disclose any factual or legal issue that the *Facebook* Court should have known before it approved the settlement and awarded attorneys' fees.

These omissions are crucial to issue preclusion here. If the factual or legal basis of a class member's later claim against class counsel was not discovered or disclosed to the court that ruled on the settlement or awarded attorneys' fees, then it was not actually litigated before and decided by that court. In such a case, therefore, issue preclusion may not apply. But this case presents no such situation. And that is one of the reasons why the case on which Plaintiff principally relies, *Durkin v. Shea & Gould*, 92 F.3d 1510 (9th Cir. 1996), does not apply here.

These same holes in Plaintiff's case—his failure to identify a line of factual investigation that Defendants should have pursued, legal arguments they should have not made, or legal claims they should have asserted—also help to show why his complaint fails to state a claim that is plausible on its face, as is required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's complaint does not identify, even in a general way, any conduct during the litigation or settlement of *Facebook* that constituted a breach of the standard of care or of the duty of

loyalty. Instead, the complaint simply compares class members' individual recoveries with the size of the attorneys' fee—an apples-to-oranges comparison that fails to plausibly suggest any breach, and one that the *Facebook* Court was aware of when it approved the settlement and awarded attorneys' fees.

For these reasons and the other ones laid out below, Plaintiff's complaint should be dismissed with prejudice.

## II. ARGUMENT IN REPLY

### A. Plaintiff's claims for legal malpractice and breach of fiduciary duty raise issues that are identical to issues that were actually litigated and necessarily decided in *Facebook*.

Plaintiff does not dispute that two of the three requirements for issue preclusion are met. *See* Opp'n at 4; MTD at 5–7. He disputes only one of the three requirements: whether his claims for legal malpractice and breach of fiduciary duty raise an issue identical to one that was actually litigated and necessarily decided in *Facebook*. To argue that his claims do not raise such an issue, he relies wholly on *Durkin v. Shea & Gould*, 92 F.3d 1510 (9th Cir. 1996).

AI hallucinations plague Plaintiff's discussion of *Durkin*. At the core of that discussion lies a block quotation that Plaintiff attributes to *Durkin*, 92 F.3d at 1516–17. *See* Opp'n at 5–6. The quotation, however, appears nowhere in *Durkin*. Nor does the quotation closely resemble any passage in *Durkin*.[1] And the nonexistent quotation, like the rest of Plaintiff's discussion of *Durkin*, suggests that the defendants in the *Durkin* appeal were class counsel from the prior action. *Id.* at 5. That

[1] In another case, a district court held a hearing on whether Plaintiff should be sanctioned under Rule 11 for citing nonexistent case law. *See* Decl. of Benjamin Gould in Supp. of Defs.' Reply in Supp. of Mot. to Dismiss, Ex. C; *see also id.*, Exs. A, B, D. Here, while *Durkin* exists, the quotation does not. This kind of hallucination appears to be common in AI-generated filings. *See* Damien Charlotin, AI Hallucination Cases, https://www.damiencharlotin.com/hallucinations (database tracking cases where AI produced hallucinated content, with links to decisions); *see also Pete v. Facebook Data Breach*, No. 1:25-cv-00245-MAC, 2025 WL 2979701, at *3 & n.5 (E.D. Tex. Oct. 22, 2025) (noting that Plaintiff had supplied a nonexistent quotation).

suggestion is incorrect. In *Durkin*, the district court dismissed malpractice claims against class counsel from the prior action, and the Ninth Circuit did not review that dismissal. *Durkin*, 92 F.3d at 1513–14.

In *Durkin*, a company called ICA had been the subject of a derivative action by shareholders. The derivative action had been settled and the settlement was approved by a district court. *Id.* at 1512–13. On the same day the settlement was approved, however, federal regulators seized ICA's subsidiary, a savings and loan association, and put it into conservatorship. *Id.* at 1513. ICA itself filed for bankruptcy under chapter 11 less than a week thereafter. *Id.*

The trustee of the resulting bankruptcy estate was the plaintiff in *Durkin*. He sued the attorneys who represented the ICA directors that agreed to the settlement, alleging that the settlement was approved by a conflicted board on grossly unfair terms. *Id.* And crucially, he alleged that the court that approved the settlement "was never told of ICA's insolvency, the imminent seizure of [the savings and loan] by federal regulators, or the substantial and meritorious nature of the charges against the directors." *Id.*

The *Durkin* court held that settlement approval in the derivative action did not decide two issues raised by the bankruptcy trustee's malpractice claim. First, the approval of the settlement determined only "that the shareholder plaintiffs adequately represented similarly situated shareholders," and not an issue raised by the trustee's malpractice claim: whether the attorneys representing the board adequately represented "the full corporate interests of ICA." *Id.* at 1516. Second, the approval of the settlement as "fair and adequate" under Rule 23.1 was "not the same issue as whether the settlement was reasonable in light of alleged malpractice by the participating attorneys." *Id.* Because the district court was not informed about the facts that constituted the alleged malpractice and made the settlement unfair, it could not have made a decision in light of those facts. For that reason, those facts were not actually litigated and decided. As the Ninth Circuit said, quoting the California Court of Appeal, applying issue preclusion to such a situation "would be to rule that where

an attorney's negligence has caused a court to make an erroneous adjudication of an issue, the fact that the court has made that adjudication absolves the attorney of all accountability and responsibility for his negligence." *Id.* at 1518 (quoting *Ruffalo v. Patterson*, 285 Cal. Rptr. 647, 648 (Ct. App. 1991)).

*Durkin*'s reasoning does not apply here. Unlike the prior court in *Durkin*, the *Facebook* Court did decide—and was obliged to decide—that Defendants adequately represented Plaintiff and the rest of the class. *See* RJN, Ex. 7, ¶¶ 8, 10(a) ("Class Counsel have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class. . . . Class Counsel and the Settlement Class Representatives ably protected and furthered the best interests of the Class at every step in this action."); *see also* Fed. R. Civ. P. 23(e)(2)(A), (g)(4). Also unlike in *Durkin*, Plaintiff does not identify anything material to the *Facebook* settlement that Defendants failed to disclose to the *Facebook* Court. The facts that Plaintiff points to in his complaint—the size of class members' recoveries and the size of co-lead counsel's requested attorneys' fees—were fully disclosed. *See* RJN, Exs. 1, 4; *id.*, Ex. 6 at 9:21–10:7.

*Durkin* thus does not control a case like this one, where the issues that a class member seeks to raise through a malpractice suit were fully disclosed to the prior court, and where objectors actually litigated, and a court decided, the issues the class member seeks to raise now.[2] *See* MTD at 9, 11–12

[2] Though Plaintiff received class notice in *Facebook*, *see* Compl. at 4, he did not submit an objection. *See* Notice of Filing of Objs., *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed July 11, 2023) (Dkt. No. 1144); Obj. of Sarah Feldman & Jill Mahaney, *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed July 19, 2023) (Dkt. No. 1147); *Klein* Pls.' Statement of Obj., *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed July 26, 2023) (Dkt. No. 1152); Obj. of Stewart Harris & Ryan Cino, *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed July 26, 2023) (Dkt. 1154); Obj. by All of Us or None, *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed July 26, 2023) (Dkt. No. 1155); Notice of Filing of Objs., *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed July 30, 2023) (Dkt. No. 1158); Suppl. Notice of Filing of Objs., *Facebook*, No. 18-md-02843-VC (N.D. Cal. Aug. 4, 2023) (Dkt. No. 1160); Suppl. Notice of Filing of Obj., *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed Sep. 1, 2023) (Dkt. No. 1166); Suppl. Notice of Filing of Objs., *Facebook*, No. 18-md-02843-VC (N.D. Cal. filed Sep. 6, 2023) (Dkt. No. 1171). Plaintiff also filed a claim and received payment in *Facebook*, but has since sued the settlement administrator over the handling of his claim. *See* Mot. to Dismiss at 2–4, *Pete v. Angeion Grp. LLC*, No. 3:26-cv-01211-VC (N.D. Cal. filed Mar. 10, 2026) (Dkt. No. 12).

(citing documents showing that the issues were litigated and decided in *Facebook*). As the California Court of Appeal has clarified in the years since *Durkin*, no California case "suggest[s] that class members [can] relitigate those issues actually ruled on in a prior class action proceeding by bringing a subsequent malpractice lawsuit against class counsel." *Martorana v. Marlin & Saltzman*, 96 Cal. Rptr. 3d 172, 180 (Ct. App. 2009). To the contrary, "[i]f the issue on which a malpractice complaint is based has been considered and determined in the class action proceedings, the rulings of the class action court will be binding on members of the class and preclude reconsideration of those matters in another forum." *Id.* (citation omitted, alteration in original).

Plaintiff contends, however, that his claims raise questions about "Defendants' *conduct*—their professional judgment, their strategic decisions, and their loyalty"—whereas the *Facebook* Court merely decided "whether the settlement *result* was fair and adequate." Opp'n at 5. This contention suffers from several flaws. The first is that Plaintiff's complaint does not contain any concrete factual allegation about any aspect of Defendants' "professional judgment" or "strategic decisions," *id.*—it contains no allegation, for example, about claims not asserted, facts not discovered, or arguments not made. The complaint thus does not put those aspects of Defendants' conduct at issue. As for Defendants' "loyalty" to the class, *id.*, that issue was actually litigated and decided by the *Facebook* Court when it determined that Defendants had adequately represented the best interests of the class—for here, unlike in *Durkin*, Defendants were class counsel in *Facebook*. RJN, Ex. 7, ¶¶ 8, 10(a); *see also, e.g.*, *Wyly v. Weiss*, 697 F.3d 131, 142–43 (2d Cir. 2012) (holding, in accord with other federal courts, "that a district court's finding regarding the adequacy of counsel may have preclusive effect in a future malpractice action"). Finally, and contrary to Plaintiff's argument, a malpractice claim *does* turn on the result when it alleges, as Plaintiff alleges here, that an attorney breached the standard of care through a settlement. *See* MTD at 7–8. In these circumstances, there is no valid malpractice claim so long as the amount of the settlement was "within the realm of reasonableness." *Slovensky v.*

*Friedman*, 49 Cal. Rptr. 3d 60, 68 (Ct. App. 2006). Here, the *Facebook* Court decided, against the objections of several class members, that the amount of settlement was well within the realm of reasonableness. *See* RJN, Ex. 7, ¶¶ 10(c)–(d), 11–12; *see also id.*, Ex. 8, ¶ 3 ("[T]he Court overrules the objections suggesting that the $725 million Settlement Fund is an inadequate result.").

Plaintiff also observes that the approval process for a class settlement does not and cannot adjudicate malpractice claims. Opp'n at 6. That point simply shows that *claim* preclusion does not apply here; it does not speak to issue preclusion, which bars relitigation of issues actually litigated and necessarily decided, even if those issues recur in the context of a different claim.

For all the reasons given here and in Defendants' initial motion, Plaintiff's claims for legal malpractice and breach of fiduciary duty are barred by issue preclusion and should be dismissed with prejudice for that reason.

**B. Plaintiff fails to state claims that are plausible on their face.**

***1. Plaintiff fails to state claims for legal malpractice or breach of fiduciary duty.***

Plaintiff's discussion of his claims for legal malpractice and breach of fiduciary duty, Opp'n at 6–7, has narrowed the contested issues. Plaintiff does not argue that the complaint's allegations about Defendants' communications with the *Facebook* class state valid claims for legal malpractice or breach of fiduciary duty. Nor does he respond to the points that Defendants made about those communications in their motion to dismiss. *See* MTD at 17–19, 19–20; *see also, e.g.*, *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020) ("Plaintiff concedes these arguments by failing to address them in her opposition."). Thus, the question is whether Plaintiff may state valid claims merely by alleging that Defendants received $181.25 million in attorneys' fees in *Facebook*, while class members' individual recoveries were relatively small.

He may not. This is so for several overlapping reasons.

*First*, as Plaintiff himself recognizes, the *Facebook* Court has already adjudicated that "the settlement *result* was fair and adequate for the class." Opp'n at 5. Plaintiff's claims, therefore, cannot rely simply on the result—that is, the recovery—that Defendants secured for class members, since that result has already been deemed fair, reasonable, and adequate under Rule 23(e)(2). That result cannot itself constitute professional negligence or a breach of fiduciary duty.

*Second*, Plaintiff's claims may also not rely on the size of the attorneys' fee awarded to Defendants. As Plaintiff appears to concede, a plaintiff who challenges the size of an attorney's fee must prove that the fee was unreasonable.[3] *See* Opp'n at 7; *see also Levin v. Graham & James*, 44 Cal. Rptr. 2d 69, 73 (Ct. App. 1995). In *Facebook*, however, the Court found—against the arguments of several objectors—that a 25% fee was affirmatively reasonable. RJN, Ex. 8, ¶ 6; *see also, e.g.*, *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) (noting that courts awarding fees from common funds must find that the fees are reasonable under the circumstances); *Johnson v. Ga. Highway Express*, 488 F.2d 714, 720 (5th Cir. 1974) ("[T]he plaintiff has the burden of proving his entitlement to an award for attorney's fees just as he would bear the burden of proving a claim for any other money judgment."), *abrogated in part on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). That finding precludes Plaintiff from proceeding with a claim that would require him to prove the opposite. *See Guenther v. Holmgreen*, 738 F.2d 879, 888 (7th Cir. 1984) ("[I]t is also well established that if one party has carried the burden of proving an issue in the first proceeding, a favorable determination on that issue is binding in later litigation in which the burden of proving the contrary would be on his adversary.").

*Therefore*, Plaintiff's claims for legal malpractice and breach of fiduciary duty cannot rest simply on the individual recovery for class members or the size of Defendants' fee in *Facebook*. Those

---

[3] Plaintiff notes that the reasonableness of Defendants' 25% fee "is a factual question." Opp'n at 7. That factual question, however, was already decided in *Facebook*.

claims can succeed, as Plaintiff acknowledges, only by showing that "Defendants' *conduct* . . . fell below the required legal and ethical standards." Opp'n at 5. Plaintiff's complaint, however, alleges no culpable act or omission that Defendants may have committed while litigating and settling *Facebook*, beyond entering into a settlement that Plaintiff calls inadequate (despite the *Facebook* Court's contrary finding) and obtaining a fee that Plaintiff labels excessive (despite the *Facebook* Court's contrary finding).

Plaintiff insists, however, that the result in *Facebook*—specifically, the alleged disparity between *Facebook* class members' individual recoveries and Defendants' fee—itself "gives rise to a plausible inference of wrongdoing." *Id.* at 6. Plaintiff is incorrect. His comparison between class members' individual recoveries and Defendants' attorneys' fee rests on a misunderstanding of both. In a class settlement, individual class members receive compensation in exchange for releasing their individual claims against a defendant. Class counsel, by contrast, receive compensation out of a common fund for something else entirely: the legal services they performed to "create, increase, protect or preserve the fund" as a whole. *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994) (citation omitted). Because the individual recoveries of class members and the attorneys' fees for class counsel serve entirely different purposes, a disparity between the two cannot itself suggest wrongdoing. The apposite comparison would be between the *aggregate* funds distributed to *Facebook* class members and the funds that were awarded to *Facebook* class counsel. And here, the ample majority of the *Facebook* settlement fund went to class members, not to class counsel. *See* RJN, Ex. 8, ¶ 22.

What is more, Plaintiff's complaint contains no factual allegation to suggest that the aggregate amount that the *Facebook* class recovered was outside the realm of reasonableness. The complaint does not allege how much the *Facebook* class members' claims were worth, beyond the conclusory assertion that the settlement was not "fair and reasonable . . . in light of the harm suffered." Compl. at

3; *see also* MTD at 15. This failure, too, means that Plaintiff has failed to state valid claims for legal malpractice or breach of fiduciary duty.

***2. Plaintiff fails to state a claim for negligent misrepresentation.***

Plaintiff's discussion of his claim for negligent misrepresentation makes clear that the claim arises from the class notices, but it does not respond to the arguments Defendants made in their motion to dismiss. *Compare* MTD at 21–22, *with* Opp'n at 8. He does not point to a past or existing material fact that Defendants misrepresented in the class notices and does not explain how his claim is consistent with the language of the class notices, which is judicially noticeable. Plaintiff merely states that "*[i]f* [the class] notices, through omissions or misleading phrasing, created an overly optimistic impression of the likely individual payout, . . . that states a claim for negligent misrepresentation." Opp'n at 8 (emphasis added). Neither his opposition nor his complaint, however, identifies any material omission of fact or misleading phrasing in the class notices.

## III. CONCLUSION

Plaintiff's claims for legal malpractice and breach of fiduciary duty are barred by issue preclusion. They assert the opposite of what the *Facebook* Court found. And they do not allege that Defendants failed to supply the *Facebook* Court with any information it should have had before it approved the settlement and awarded attorneys' fees.

Plaintiff's complaint also fails to state claims for legal malpractice and breach of fiduciary duty that are plausible on their face, since the complaint contains no concrete allegation of culpable conduct during the litigation or settlement of *Facebook*. Plaintiff fails to state a claim for negligent misrepresentation both because he identifies no misrepresentation of fact and because his allegations contradict judicially noticeable documents.

For all these reasons, Plaintiffs' complaint should be dismissed with prejudice.

DATED this 24th day of March, 2026.

**KELLER ROHRBACK L.L.P.**

By: *s/ Benjamin Gould*
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
(206) 623-1900
Fax (206) 623-3384
bgould@kellerrohrback.com

*Attorney for Defendants DEREK LOESER and KELLER ROHRBACK L.L.P.*

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

By: *s/ Pamela B. Bumatay*
PAMELA B. BUMATAY (SBN 244722)
655 Montgomery St., Ste. 900
San Francisco, CA 94111
415.433.0990
415.434.1370 (Fax)
Pamela.bumatay@wilsonelser.com

*Attorneys for Defendants BLEICHMAR FONTI & AULD LLP, a Limited Liability Partnership, and LESLEY WEAVER, an Individual*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Benjamin Gould, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of March, 2026, at Seattle, Washington.

*/s/ Benjamin Gould*
Benjamin Gould

**CERTIFICATE OF SERVICE**

I, Benjamin Gould, hereby certify that on March 24, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

In addition, on March 24, 2026, I caused the foregoing, as well as the supporting declaration, to be transmitted via email to David R. Pete at dpetedavidpete@yahoo.com, in accordance with the prior written consent of David R. Pete. *See* Fed. R. Civ. P. 5(b)(2)(F).

/s/ *Benjamin Gould*
Benjamin Gould