UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. PETE,<br>Plaintiff,<br>v.<br>DEREK LOESER, et al.,<br>Defendants. | Case No. 25-cv-10194-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

The motion to dismiss is granted with prejudice and without leave to amend. This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

Pete, a class member in *In re: Facebook, Inc., Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC, brings various claims against counsel in the *Facebook* litigation for "failing to prosecute the case in a manner that would maximize recovery for the class, instead opting for a settlement that primarily benefited themselves." Dkt. No. 1, at 3.

Those claims are barred by the doctrine of issue preclusion. "In general, a party who has had a full and fair opportunity to litigate an issue determined by the judgment is estopped to relitigate the same issue in a subsequent action against a different defendant." *Golden v. Pacific Maritime Association*, 786 F.2d 1425, 1427-28 (9th Cir. 1986). Under federal law, an issue may not be relitigated when (1) it was actually litigated; (2) it was determined by a valid and final judgment, and (3) the determination was essential to the judgment. *United States v. Arpaio*, 951 F.3d 1001, 1006 & n.5 (9th Cir. 2020). Here, those factors are met. The factual issues presented by Pete in this case were already litigated as part of the fairness hearing in *Facebook*, during

which the Court considered the adequacy of class counsel's performance and of the settlement. In the final orders approving the settlement and awarding costs and fees, the Court determined that "Class Counsel have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class" and that the settlement amount was adequate. *In re: Facebook, Inc., Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC, Dkt. Nos. 1182 & 1183 (N.D. Cal. Oct. 10, 2023). Those determinations were essential under Rule 23 of the Federal Rules of Civil Procedure, and the Court's orders have long been final.

Pete argues that the issues raised in this case were not actually litigated in *Facebook* because the legal standard for approving class action settlements differs from the legal standards governing his tort claims. *See* Dkt. No. 30, at 4-6. That is not entirely correct. Although the legal standards for settlement approval and for legal malpractice are distinct, a finding that class counsel was adequate for the purposes of settlement approval precludes subsequent malpractice claims brought by a class member, if the malpractice claims are based on conduct already known at the time the settlement was approved. *See Golden*, 786 F.2d at 1428. Pete's reliance on *Durkin v. Shea & Gould*, 92 F.3d 1510 (9th Cir. 1996), is inapposite. In *Durkin*, the Ninth Circuit held that "special circumstances" warranted "an exception to the normal rules of preclusion" because the party bringing the malpractice suit was not a party to the settlement and because the factual basis of the subsequent malpractice suit was not known to the judge who had approved settlement. *Id*. at 1517-18. No such "special circumstances" can be alleged here: It is undisputed that Pete was a class member in the *Facebook* litigation, and the factual allegations underpinning his tort claims are identical to those issues already determined by the Court's final approval of the *Facebook* settlement.

* * *

Because the deficiencies in the complaint cannot be cured by amendment, dismissal is with prejudice and without leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998). The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 4, 2026

VINCE CHHABRIA
United States District Judge